AMELIA M. HOUGH, by her husband and next friend, LOUIS S. HOUGH, *vs.* SAMUEL H. HORSEY.

## *Usury.*

Where one purchases land subject to a mortgage, and agrees specifically to pay the mortgage debt, according to the face of the mortgage, as part of the consideration for the land, a Court of Equity will not interpose at his instance to prevent a sale of the premises by the mortgagee, upon the charge of the existence of usury in the mortgage debt.

If the mortgagee exacted usury, the mortgagor would have the right to sue for and recover it back; but no one would have the right to invoke such remedy for him.

APPEAL from the Circuit Court for Caroline County, in Equity.

On the 20th of April, 1869, George W. Kugler and wife executed a mortgage on certain parcels of land in Caroline County to the appellee, to secure to him the sum of $2,000— one-half of which sum was to be paid on or before the 20th of April, 1870, with interest on the whole amount, and the other half, with all the interest then due, on or before the 20th of December, 1870. In case of any default in any condition of the mortgage, the mortgagee, his heirs, executors, administrators and assigns, or their duly constituted attorney or agent, were authorized and empowered to sell the mortgaged property, or so much thereof as might be necessary, &c.

Afterwards, on the 7th of November, 1870, the mortgagors sold the mortgaged premises to the appellant, Amelia M. Hough, " for and in consideration of the sum of fourteen thousand eight hundred and fifty dollars, and the payment of a mortgage on the property for two thousand dollars, held by S. H. Horsey." This mortgage debt remaining unpaid for more than a year, the mortgagee advertised the mortgaged premises for sale on the 13th of February, 1872. On the

17th of January, 1872, the appellant filed her bill for an injunction to restrain the appellee from selling the mortgaged premises. The bill charged, among other things, that the mortgage was defectively executed—the affidavit thereto not being in due form of law, and the mortgage not being legally stamped ; and further, that the complainant was informed and believed, that the amount claimed by the mortgagee to be due on said mortgage was in excess of the amount really due, to the extent of $707.00, being an illegal bonus paid by the mortgagor, George W. Kugler, to the mortgagee at the time of the execution of the mortgage and subsequently ; that the mortgage and power to sell thereunder were illegal and inoperative by reason of not having been duly stamped as required by law ; that the complainant was willing and ready to pay, upon a proper and legal demand made upon her, the amount legally due on the mortgage.

On the 31st of January, 1872, the Court (STUMP, J.) passed an order refusing the writ of injunction. From this order the complainant appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, GRASON, MILLER and ALVEY, J.

*Frank. H. Stockett*, for the appellant.

The injunction should have been granted, because the mortgage was given for the usurious loan of money, in that it purported to be given to secure the payment of $2,000, with interest thereon, when in fact the debt or amount loaned was only $1,293, the residue, $707, having been exacted as a *bonus* for the loan of the money. *Code of Pub. Genl. Laws, Art. 95, sec. 3.*

By the 4th section of this Article, any person guilty of usury shall forfeit all excess above the real sum lent or advanced, and be entitled to recover no more than the sum so lent or advanced. The defendant, therefore, was entitled to demand from the appellant no more than $1,293, with interest thereon from the 20th of April, 1869. The sum of

$707, the appellant was entitled to have credited on the said sum of $2,000, precisely as if she had paid it; in fact she had so paid that sum, and this brought her within the remedy of the 15th section of Article 64, where it is provided that if the party seeking the aid of the Court shall, on oath, allege "that some part of such debt or interest, the amount of which he shall state, has been paid, and that the mortgagee or the person acting for him refuses to give credit for such amount," the Court may grant an injunction to stay the sale.

*Alexander Randall*, for the appellee.

The order of the Court denying the injunction should be affirmed, because, firstly, the charge of usury in the bill is not positive and direct, but is founded on what the complainant is advised and believed. This charge is not clear, full, explicit and direct, but conjectural and ambiguous. *Code, Art.* 95, *secs.* 3, 4, 5; *McKim vs. The White Hall Co.*, 2 *Md. Ch. Dec.*, 513.

Secondly. Because if the complainant could have availed herself of the charge of usury against the mortgage, it could have been done only by a bill, in which she stated what was the principal and interest of the debt legally due, and offered to pay the same. *Code, Art.* 95, *sec.* 5; *Bandel vs. Isaac*, 13 *Md.*, 202; *Williams, et al. vs. Banks, et al.*, 19 *Md.*, 23; *De Wolf vs. Johnson*, 10 *Wheat.*, 367, 392.

Thirdly. Because if there has been usury *paid* on this mortgage, the remedy is in the original mortgagor, who paid it, to recover it back from the mortgagee, who received it— not in the complainant, the vendee of the mortgagor, who *never* paid it. If the usury be not paid, but merely secured by the mortgage, then the remedy is to deduct the usury from the mortgage debt; in neither case should the injunction be issued.

Fourthly. Because there is no sufficient cause assigned in the bill for ganting this injunction, under the 15th section of Article 64 of the Code of Public General Laws. *Gayle and Wife vs. Fattle*, 14 *Md.*, 69.

ALVEY, J., delivered the opinion of the Court.

We think the order of the Court below refusing the injunction should be affirmed, and for the reason assigned by the Judge that the bill of complaint presents no proper ground for relief.

The charge in the bill in regard to the omission of the proper revenue stamp on the mortgage, and the defect in the affidavit thereto, are shown to be groundless by the production in Court of the original mortgage itself. The only other ground for the injunction seriously relied on, is the charge of the existence of usury in the mortgage debt. But as to this latter charge, apart from the very general and imperfect manner in which it is made, and the failure to show that tender and offer to pay the real debt with legal interest had been made to the defendant, the complainant is not in a position to entitle her to be relieved from what is charged to be usury in the contract upon which the mortgage debt is founded. She is in no wise damnified, and to allow her the benefit of the abatement of the mortgage debt now claimed, would be in effect allowing her to defeat in part her own contract with the mortgagor.

The complainant purchased the mortgaged estate from the mortgagor, and by the deed of conveyance, which is exhibited with the bill, she was to pay as part of the consideration mentioned in the deed, and in addition to the sum of $14,850, the mortgage debt of $2,000 due to the defendant; and it is this mortgage debt which is now alleged to be affected with usury, and which the complainant seeks to have reduced. The mortgagor makes no complaint himself, and he is not a party to this bill. If the mortgage debt were to be reduced on the present application, by reason of the alleged usury in the contract, it is manifest the complainant would get the estate purchased for less than she agreed to pay for it. Whether the mortgage debt was tainted with usury or not, was wholly immaterial in determining the price agreed to be paid for the land. The complainant agreed specifically to pay the mort-

gage debt according to the face of the mortgage, as part of the consideration for the land purchased; and this feature essentially distinguishes the present case from that in which the purchase is made of the mere equity of redemption, without any special agreement as to the application of the purchase money, or any reference whatever to the particular amount due on the outstanding mortgage. Here the whole estate was purchased, with a special agreement for the application of a certain part of the purchase money; and the effect of the present application is to relieve the complainant from doing what she has expressly agreed to do, and upon the faith of which she obtained the conveyance for the land embraced by the mortgage. Such a proposition cannot be entertained by a Court of Equity for a moment. If usury has in fact been exacted, the right remains with the mortgagor to sue for and recover back all over and above the legal rate of interest that he may have been required to pay. *Scott vs. Leary*, 34 *Md.*, 389. But this right of action has not been assigned to the complainant, nor is she in the slightest degree interested in it. If such right of action exists, the mortgagor may avail himself of it or not, as he may think proper; but if he thinks that good faith forbids his resort to the remedy afforded by the law, no person has a right to invoke such remedy for him. The complainant should pay the mortgage debt, according to her contract of purchase, and leave the question of usury to be settled between the mortgagor and mortgagee. By so doing she will conform to her stipulation, and save her land from exposure to sale.

Seeing in the bill no ground whatever for an injunction, the order appealed from will be affirmed, and the bill dismissed, with costs.

*Order affirmed and*
*bill dismissed.*

(Decided 22d May, 1872.)