Joseph M. Cone and John Coburn *vs.* The East Baltimore Permanent Land and Building Society of Baltimore City.

*Estoppel—Res adjudicata.*

On the 12th of June, 1872, a bill was filed in the Circuit Court of Baltimore City, by the appellant Cone, to restrain the appellee from foreclosing a mortgage to it, from the appellant Coburn, the complainant having become the assignee of the mortgaged property, and from proceeding to collect the mortgage debt, and for other relief. ·Subsequently a petition was filed by the appellant, Coburn, praying to be made a co-complainant in the case. On the 6th of July following, the Court dismissed the bill and petition, and refused the injunction. On the 7th June, 1872, in the Circuit Court for Baltimore County, *ex parte* proceedings had been instituted by the filing of a copy of the aforementioned mortgage, &c., by the appellee, for the purpose of enforcing its rights as mortgagee against the mortgaged property, and of executing the power of sale prescribed by the mortgage, under the direction of the Court. On the 12th of July following, the appellants filed a petition praying that the case might be referred to the auditor, to ascertain the correct amount due to the appellee under the mortgage, and that proceedings might be stayed until the further order of the Court. Upon, final hearing, the Court passed an order dismissing the petition. On appeal by the petitioners from this order, it was Held :

1st. That as the bill of complaint filed in the Circuit Court of Baltimore City presented the same questions, and prayed substantially the same relief as sought by the appellants in this case, they were estopped and concluded by the order passed in said Court.

2nd. That the Circuit Court of Baltimore City was not deprived of jurisdiction by the *ex parte* proceedings instituted on the 7th of June, 1872, in the Circuit Court for Baltimore County.

Appeal from the Circuit Court for Baltimore County, in Equity.

On the 7th of June, 1872, The East Baltimore Permanent Land and Building Society, filed in the Circuit Court

for Baltimore County, a mortgage of certain lots situate in said county, from the appellant Coburn, dated the 3rd of November, 1870, by which it appeared that the said Coburn, being a member of the said Society, a body corporate, had received therefrom in accordance with the provisions of its constitution and by-laws, an advance of $4000, on his ten shares of its stock, and to secure to the said mortgagee the payment of all unpaid instalments on said shares, together with the interest on the said advance, and a premium of seventy cents per share, as required by its by-laws, as also such fines and penalties as might be imposed upon the said mortgagor by the said by-laws, &c., said mortgage was executed. With the mortgage was filed an account verified by affidavit, showing the indebtedness of the mortgagor under the said mortgage, and the approved bond of the attorney of the mortgagee, who was authorized to sell the mortgaged property in case of default by the mortgagor. On the 12th of July, 1872, the said Coburn, together with the appellant, Cone, and William G. Read, filed a petition in said Circuit Court setting forth that said Coburn, on the 25th of October, 1870, subscribed for and became the owner of ten shares of the appellee's stock, which he afterwards redeemed, and received from the Society $4000, and to secure the repayment of said loan with interest and a certain illegal and excessive bonus, he executed the aforementioned mortgage; that as a member of said society he became entitled to a proportion of the dividends that might be declared by it; that since he became a member, the society had declared certain dividends, and he had paid to the society $341.20 on account of principal, and $828 for interest and bonus; that the petitioners were advised that the charge of seventy cents per share, for weekly premium, was not authorized by the by-laws or the act of incorporation of the Society; that it was usurious and illegal, and they were advised that they were entitled to have the

amount paid for such premium, and also the proportion of
dividends credited on said claim; that the Society refused
to make any abatement of its unjust and illegal demands.
The petition further alleged that the said Coburn assigned
to the petitioner, Read, the equity of redemption in the
mortgaged property, and that Read subsequently assigned
the same to the petitioner, Cone.   The petitioners tendered
themselves ready to pay the balance that might be ascer-
tained to be due, after deducting the premium paid and
dividends; and they prayed that the case might be referred
to the auditor to state an account, and that all proceedings
for a sale of the property might be stayed until the further
order of the Court.   The Court accordingly, on the same
day, passed an order referring the case to the auditor, and
staying proceedings to foreclose the mortgage.   On the
22nd of July, 1872, the appellee filed a petition alleging
that the subject-matter of the appellants' petition was *res
adjudicata*, so far as the petitioners, Cone and Coburn
were concerned, the former having filed a bill in the Cir-
cuit Court of Baltimore City for an injunction, which was
refused by the Court, and the latter a petition to be made
a party complainant, in the case, which was dismissed;
and that neither Read nor Coburn had any interest in the
suit, having previously parted with all their interest in the
mortgaged property.   With this petition of the appellee,
there was filed a copy of the proceedings in the Circuit
Court of Baltimore City, from which it appeared that on
the 12th of June, 1872, the appellant, Cone, had filed a bill
in said Court asking that the appellee might be enjoined
from foreclosing the aforesaid mortgage, dated 3rd of
November, 1870, and from proceeding in any way to
collect the mortgage debt; that the appellee answered
the bill; that the appellant, Coburn, filed a petition asking
to be made a party complainant, and that the Court, on
the 6th of July, 1872, passed an order dismissing the
petition and refusing the injunction.   On the foregoing

petition of the 22nd of July, 1872, the Court, on the same day, passed an order rescinding the order of the 12th of July, 1872, and dismissing the petition on which the order was passed. On the 14th of August, 1872, the appellants, together with Wm. G. Read, filed another petition, recapitulating the former proceedings, and asking that the petition of the 12th of July, 1872, be re-instated, the cause referred to the auditor, and the proceedings to foreclose the mortgage stayed. The Court passed an order setting this petition down for hearing and staying the sale. On the 21st of September, Wm. Geo. Read, by a written order filed in the case, directed that the same should be dismissed so far as concerned himself. Upon the day fixed for hearing, the appellee filed an answer, relying upon the defence of *res adjudicata* as to the appellants, and also denying most of the allegations contained in both petitions. The appellants filed a general replication. The Court directed a commission to issue to take testimony, which was done, and some testimony taken thereunder, and returned into Court.

On the 3rd of October, 1873, the Court (GRASON and YELLOTT, J.) passed an order dismissing the petition. From this order and from the order passed on the 22nd of July, 1872, rescinding the order of the 12th of July, 1872, the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*Samuel Snowden,* for the appellants.

The bill filed in the Circuit Court of Baltimore City, and dismissed by the Court, is no bar to the right of the petitioners to have an account stated in this case—because the bill was dismissed without any enquiry into the merits of the case, and no rights were determined. The case of *Hough vs. Horsey,* 36 *Md.,* 184, cited by the Court, shews

that the ground of dismissal was the fact that the bill was filed by an assignee, and that he proposed to make the defence of usury, which he could not do unless he had an assignment from the mortgagee of his right to the usury, and; therefore the Court had no jurisdiction in the premises. But this case is very different, the petition is filed by the mortgagor and his assignee, and the reason of the dismissal does not apply, and here the parties do not come into Court of their own accord, but are brought in by the society itself; and it would be a very singular exercise of judicial power, to say that a defendant should not make any defence in a case, because another Court had refused to inquire into the merits of his defence upon the motion of some one else, for Coburn was no party to the case in the Circuit Court. Estoppels operate only on parties and privies. *Alexander vs. Walter, et al.,* 8 *Gill,* 239. And are not favored in equity. *Collinson vs. Owens, et al.,* 6 *G. & J.,* 4.

And it must appear that the facts relied on as a bar, were distinctly put in issue, and found by the jury in a former suit between the *same parties. Shafer vs. Stonebraker,* 4 *G. & J.,* 345.

It this case, it appears that the bill was not dismissed, but the preliminary injunction was refused upon a technical objection, that there was no decision upon the merits, and that it was not between the same parties. *Bigelow on Estoppel,* 19, 20.

In fact, the Circuit Court of Baltimore City, had no jurisdiction in the matter, because a suit had been previously instituted in the Circuit Court for Baltimore County, involving the same subject-matter.

*Thomas W. Griffin* and *Wm. S. Keech,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The original petition in this case was filed on the 12th day of July, 1872, in the names of John Coburn, Wm.

Geo. Read and Joseph M. Cone. Afterwards, on the 21st September, 1872, Wm. Geo. Read, by an order addressed to the clerk, and filed in the case, directed that the same should be dismissed so far as it concerned himself, stating that his name had been used therein, without his knowledge and consent.

Upon final hearing the Circuit Court for Baltimore County refused to grant relief, and dismissed the petition of Coburn and Cone who have appealed.

There is one ground of defence taken by the appellees, which seems to us to be conclusive; which precludes us from considering the merits of the case, and compels us to affirm the decree of the Court below.

It appears from the record that the subject-matter of the petition was finally heard, and decided by the Circuit Court of Baltimore City on the 6th day of July, 1872, on the bill there filed for an injunction and for other relief, by Joseph M. Cone, and the petition of Coburn also there filed in the same cause, praying to be made a co-complainant therein; both of which were dismissed, and the injunction refused.

The proceedings had in the Circuit Court of Baltimore City, are exhibited by the appellees, and relied on as an estoppel against the appellants, and conclusive against their right to the relief now sought.

From an examination of these proceedings, we are satisfied that the bill of complaint filed in the Circuit Court of the City, presented the same questions, and prayed substantially the same relief, as the appellants now seek by the present proceeding.

That Court it appears refused relief, upon the authority of *Hough vs. Horsey*, 36 *Md.*, 181. The Court being of opinion that the facts and circumstances of the case brought Cone, the assignee, within the principle there decided. The petition of Coburn, the original mortgagor, to be made a co-complainant, was dismissed by the same

Court, without assigning any reason therefore. Probably however for the reason suggested at the bar, that the Court was of opinion that Coburn having assigned his equity of redemption, had no interest in the subject-matter of the suit.

But whatever may have been the reason of the Court's action, and whether erroneous or otherwise, no appeal having been taken, and its order standing unreversed, must conclude the rights of both Cone and Coburn, in any subsequent proceeding for the same cause. There being no doubt or question of the jurisdiction of that Court in the premises. All the parties had their domicil in the City.

It has been argued on the part of the appellants, that the Circuit Court of the City had not rightful jurisdiction, by reason of proceedings having been before instituted in the Circuit Court for the County, for the purpose of enforcing the rights of the mortgagee against the property, and executing the power of sale prescribed by the mortgage, under the direction of the last named Court, and it is argued that pending those proceedings the Court in the City was without jurisdiction; and therefore its decision is not conclusive. But this argument proceeds from an erroneous view of the question. The proceedings in the County were *ex-parte,* and had not so far progressed, as to deprive the Circuit Court in the City of jurisdiction to entertain the bill, and grant the relief therein prayed, if it had been of opinion, upon the merits that such relief might properly be granted. Such action would not have interfered with the rightful authority of the Court in the County, or led to any conflict of jurisdiction. The case is unlike *Withers vs. Denmead,* 22 *Md.,* 135.

Besides it does not appear that any objection was made to the jurisdiction of the Court, which was invoked by these appellants. And the Court having proceeded to adjudge the case, the only remedy left to these appellants,

if they felt aggrieved, was to bring up the case by appeal. They cannot escape from its conclusive effect, or bring the same questions in issue by a new proceeding in another Court.

The decree of the Circuit Court will be affirmed.

*Decree affirmed.*

(Decided 18th June, 1874.)