(Decided 17th December, 1886.)

---

SARAH J. S. TRAYHERN, by her husband and next friend, JAMES F. TRAYHERN *vs.* AUGUSTUS W. COLBURN, Executor of SOPHIA E. STIMPSON.

*Res judicata.*

To make a former judgment conclusive in a second suit between the same parties, it is not necessary that issue should have been taken on the precise point which is controverted in the second case; it is sufficient if that point was essential to the finding of the former judgment, and such judgment is conclusive when given in evidence though not pleaded by way of estoppel.

Where the question of indebtedness of one party to the other was raised and decided in a former suit, the judgment or decree therein is conclusive on that question as between the same parties in a subsequent suit.

APPEAL from the Court of Common Pleas.

This was an action of assumpsit brought by the appellant a married woman, suing by next friend, against the appellee to recover a sum of money claimed to be due her by the defendants' testatrix in her life-time. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J.

*A. F. Musselman,* and *Charles Marshall,* for the appellant.

*William A. Hammond,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The first appeal in this case is reported in 63 *Md.*, 99. The new trial was had under an agreement waiving all errors in pleading and authorizing the admission of any evidence that would be admissible upon any state of the pleadings. By the original and amended bill of particulars, Mrs. Trayhern, the plaintiff, claims that $11,176.62 was due to her by Sophia E. Stimpson, the testatrix, for royalties received by said Sophia in her life-time from an ice pitcher patent in which the plaintiff claimed an interest, and for moneys advanced by the plaintiff to the deceased. After the plaintiff had offered evidence tending to prove her claims, the defendant offered in evidence the records of two cases in the Circuit Court of Baltimore City, and thereupon the Court instructed the jury in effect that these records and the decree of the 10th of December, 1878, and the order of the 15th of May, 1879, passed in one of the cases, conclusively established that the defendant as executor of the said Sophia, owed nothing to the plaintiff, and that by this decree and order the plaintiff is estopped from asserting any of the claims set out in her bill of particulars. The present appeal brings up for review the correctness *vel non* of this instruction.

The law as to the conclusiveness of a former judgment between the same parties has been settled by many decisions in Maryland, and we need not look elsewhere for authorities upon that subject. It is not necessary that issue should have been taken on the precise point which is controverted in the second case; it is sufficient if that point was essential to the finding of the former judgment, and such judgment is conclusive when given in evidence though not pleaded by way of estoppel. *Whitehurst vs. Rogers,* 38 *Md.*, 503. It is only necessary to prove that the subject-matter of the two suits is substantially the

same. *Harryman vs. Roberts,* 52 *Md.,* 74. A decree is *res adjudicata* in respect to all matters of defence existing and which were available to the defendant at its date, and even an *ex parte* decree upon a mortgage under the Act of 1833, ch. 181, is conclusive as against inquiry in another Court and in another case into the question of fraud in obtaining the mortgage. *McDowell vs. Goldsmith,* 2 *Md. Ch. Dec.,* 370, affirmed in 6 *Md.,* 319. No recovery can be had on a cause of action which has been pleaded or offered in evidence as a defence in a former proceeding between the same parties, in which it was legally admissible, although the Court may have erred in excluding it from the jury. *Beall vs. Pearre,* 12 *Md.,* 550. The doctrine extends not only to the questions of law and of fact which were decided in the former suit, but also to the grounds of recovery or defence which might have been but were not presented. *State vs. Brown,* 64 *Md.,* 199. Nor does it make any difference that the first case was decided on bill or petition and answer without testimony. *State, use of Bruner vs. Ramsburg,* 43 *Md.,* 325; *Cone vs. Building Society,* 40 *Md.,* 386. These are some of the Maryland decisions on this subject, and it remains to be determined whether the present case falls within the principles thus established.

The records in the equity cases referred to show that in August, 1878, Colburn, as executor of Sophia E. Stimpson, filed his bill against Mrs. Trayhern and others in which, among other matters, he charged that Mrs. Trayhern, had borrowed from his testatrix the sum of $4585.48, and as partial security therefor had assigned or agreed to assign a mortgage and note of one Charles W. Hamill, and wife, for $3000, but that the assignment thereof was defective, and prayed among other things that Mrs. Trayhern and her husband might be required to execute a proper assignment of this mortgage and note. In her answer to this bill Mrs. Trayhern denies that she ever borrowed this sum

of $4585.48 from Miss Stimpson, but on the contrary avers, that she took the sum of $3000, at the request of the said Sophia as part of· what was then due and owing to this respondent from the said Sophia, to remain as a loan in the hands of this respondent until a settlement was had between them, and which was never had in the life-time of the said Sophia ; that she also took another sum of $885.48 also to remain as a loan under the same state of circumstances ; and that at the time of her death the said Sophia well knew that upon a settlement of accounts between them she would be largely indebted to this respondent.    She admits that she proffered to the said Sophia, the Hamill mortgage as collateral security for the $3000 which the latter declined, and she avers, that without request she passed to her the mortgage note for that sum also as collateral.    She then denies any indebtedness to the said Sophia except as above set forth, and claims a large indebtedness amounting to $9000 or $10,000 on account of royalties from the ice pitcher patent, and other sums, being substantially the same as set forth in the bill of particulars in this case, as due to her by the said Sophia, and prays to have her claim adjudicated and her rights determined.    This answer was filed on the 18th of September, 1878, and this case seems to have proceeded no further than the issuing of a commission to take testimony.

The mortgage referred to contained the assent of the mortgagors to the passage of an *ex parte* decree for a sale under section 872, Art. 4, of the Code of Public Local Laws, and on the 28th of October, 1878, Colburn, as executor of Miss Stimpson, filed a petition in the same Court (the Circuit Court of Baltimore City,) alleging that the mortgage, note and debt, had been assigned to Miss Stimpson in her lifetime by Mrs. Trayhern with the approval and consent of her husband, and the Court on the same day passed the *ex parte* decree in accordance with the terms of the mort-

gage. On the next day Mrs. Trayhern intervened in this case, and by a petition, under oath, obtained an order restraining the execution of this decree upon the same grounds stated in her answer to Colburn's bill, and in this petition she prays that *that bill and her answer thereto may be taken as part of her petition.* Colburn afterwards filed his answer, also under oath, to this petition, in which he reiterated the averments of his bill, denied any indebtedness whatever from his testatrix to Mrs. Trayhern, and averred that the whole transaction was a loan of money by the testatrix to the petitioner, to secure the payment of which the $3000 note of Hamill and wife, and their mortgage were passed to the testatrix. Hamill and wife also intervened by petition, and were made defendants in this case, and by agreement of counsel for all parties, *all the proceedings in the different cases* relating to the matters in controversy between Colburn, as executor of Miss Stimpson, and Mrs. Trayhern, and others were to be used as if they were exhibits filed in this case. The Court then, at the hearing of the case on the 10th of December, 1878, passed a decree by which it vacated the restraining order, adjudged the assignment of the note and mortgage to be valid and sufficient to pass the interest and rights of Mrs. Trayhern therein, decreed the mortgaged property to be sold, and directed the trustee to bring the proceeds into Court to be distributed under its order. This decree states that the case stood ready for hearing on the original petition, together with the petition of Mrs. Trayhern and her husband, and of Hamill and wife, and being submitted, the agreement of counsel and all the proceedings were duly considered by the Court. The sale was made, reported, and ratified, and an account distributing the proceeds stated by the auditor, in which the *net proceeds were awarded* to Colburn as executor of Miss Stimpson. This account was *finally ratified* by an order passed on the 15th of May, 1879, and neither from that order nor the

Trayhern *vs.* Colburn, Ex'r.

previous decree was any appeal ever taken by Mrs. Trayhern.

From the proceedings in these cases it would seem to be perfectly clear that the question of any indebtedness of Miss Stimpson to Mrs. Trayhern, in respect to the items claimed in the bill of particulars in the present case, as well as on any other account, was squarely presented to the Court. It was alleged and admitted by the pleadings in both these equity cases, and upon each side, that the $3000 mortgage and note were only transferred by Mrs. Trayhern to Miss Stimpson, as collateral security, and when Mrs. Trayhern came in and objected to the foreclosure of that mortgage by Miss Stimpson's executor, upon the distinct ground that Miss Stimpson was indebted to her and that she owed nothing to Miss Stimpson, the Court could not have decreed the sale and *awarded the net proceeds* to the executor, without finding as matter of fact that Mrs. Trayhern was indebted to Miss Stimpson, and not the latter to the former. The question therefore of Miss Stimpson's indebtedness as now sued for not only *might have been,* but was *actually,* raised and decided in the mortgage case. The case of *Cockey vs. Cole,* 28 *Md.,* 276, is conclusive to show that the Circuit Court of Baltimore City, in which the proceedings under the mortgage were instituted and conducted, had jurisdiction to decide *in that case* the question of indebtedness as between these parties, and that any irregularity in such proceedings cannot be taken advantage of collaterally. It follows therefore that the instruction complained of is correct, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 17th December, 1886.)