# D. WEBSTER GROH

*vs.*

# ALBERT G. SOUTH.

*Res judicata*: *suits growing out of same subject-matter; change in conditions; question for the jury.* *"Malice"*: *technical—; sufficiency of declaration.* *Damages*: *subsequent to suit; exemplary damages; condition of defendant.* *Prayers*: *liable to confuse—.*

In a suit between the same parties, growing out of the same subject-matter as that of a former suit, unless the evidence discloses a material change in conditions, the verdict and judgment in the former suit determines the right to recover. p. 640

And whether there had been such a change is a question proper to submit to the jury.                                    p. 640

A charge in a declaration that certain acts therein complained of were done "intending to injure the plaintiff in the beneficial use and occupation of * * * " a certain farm, etc., is in effect an allegation of malice.                                    p. 641

Where malice is an element of an alleged wrongful act, exemplary damages may be asked, and in such a case it is proper to inform the jury as to the means of the defendant.    p. 641

Prayers liable to confuse the jury are erroneous, and are properly rejected.                                    p. 641

Damages arising subsequent to the date of the writ, if merely incidental, and such as will continue independent of any subsequent wrongful act, should be assessed up to the time of the verdict.                    .                    p. 642

If the case is one that admits of exemplary damages, it is not error to submit in one prayer an instruction with regard to such damages and one with regard to compensatory damages.

p. 642

*Decided November 18th, 1913.*

Appeal from the Circuit Court for Allegany County (HEN-DERSON, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Ferdinand Williams,* for the appellant.

*Charles G. Wagaman* and *J. Lloyd Harshman* (with whom were *Wagaman & Wagaman* and *A. A. Doub,* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This is the second suit between the same parties for an injury to the plaintiff's spring, caused by the backing up of the dammed waters of Antietam Creek. The first suit resulted in a verdict for the plaintiff, and the judgment was affirmed by this Court in 119 Md. 297. The facts are substantially the same in the present as in the former record, and need not be again repeated. In the present suit the plaintiff asks for the damages to which he has been subjected since the time of the rendition of the former judgment, and for exemplary damages, if the jury shall find the continued acts of the defendant a reckless and wanton disregard of the rights of the plaintiff.

Unless the evidence disclosed a material change in conditions, the verdict and judgment in the former suit was determinative of the right of recovery. *Long* v. *Trexler,* 8 Atl. 620, and it was a question properly submitted to the jury whether there had been such change.

The first and second exceptions relate to the admission of evidence tending to show the pecuniary worth of the defendant. The declaration had charged that the acts complained of were done "intending to injure the plaintiff in the beneficial use and occupation of said farm and of the waters of the aforesaid spring." This was in effect an allegation of malice and whenever that is an element of an alleged wrongful act, exemplary damages may be asked, and the jury are entitled for such a purpose to know the means of the defendant. *Wilms* v. *White,* 26 Md. 380; *Sloan* v. *Edwards,* 61 Md. 89; *Mertens* v. *Mueller,* 119 Md. 525; *West Chicago St. Ry.* v. *Morrison,* 160 Ill. 288; 13 *Cyc.* 112. The rulings of the trial Court upon these two exceptions were therefore correct.

At the conclusion of the evidence the plaintiff offered two and the defendant six prayers, of which the Court granted the prayers offered on behalf of the plaintiff and the defendant's second and sixth, and rejected the remainder. These rulings of the trial Court constitute the third bill of exceptions. The first prayer of the plaintiff relates only to the right of the plaintiff to recover, and that had been virtually established in the first case. The defendant's third prayer was intended to formulate for the jury a rule as to the burden and quantum of proof, and, as phrased, was susceptible of being taken as laying down the rule applicable in criminal cases or that which prevails in civil causes. It was therefore liable, if it had been granted, to have confused the jury, and hence was properly rejected. The remainder of the prayers dealt with the measure of damages, the fourth and fifth of the defendant restricting them to nominal damages, the plaintiff's second permitting them to find both compensatory and exemplary damages. Inasmuch as malice was alleged in the declaration, and was a matter to be found one way or the other by the jury, and if found entitled the plaintiff to exemplary damages, it would have been manifest error to have granted either the fourth or fifth prayers of the defendant, limiting the jury to nominal damages. For like reason the defendant's first prayer was properly refused, as by its terms

the jury were to be restricted to compensatory damages merely.

The criticism of the appellant was directed mainly against the second prayer of the plaintiff. The objections to it were two fold, that it permitted a recovery for damages down to the time of trial instead of limiting them to the date of bringing of the suit; and secondly, that it established a different standard for the measure of damages at different times. Neither of these objections is well founded. With regard to the first it may be said that the true rule deducible from the cases is, that if the damages arising subsequent to the date of the writ are merely incidental, and will continue independent of any subsequent wrongful act, they should be assessed up to the time of the verdict, 13 *Cyc.* 254; *Jacobs* v. *Davis,* 34 Md. 204, and this case does not fall within the exception to the rule mentioned by JUDGE ALVEY in *Corner* v. *Mackintosh,* 48 Md. 374. Nor does the prayer establish a different measure of damages for different periods. What it does, is to provide for both compensatory and exemplary damages. Of course these might have been separated and an independent instruction asked as to each, but if the case was such an one as admitted of exemplary damages, it was not error to combine that and an instruction with regard to compensatory damages in one prayer. That the case was one in which, upon the finding of certain facts, the jury might award exemplary damages, has been fully shown by the cases already referred to and *McCoy* v. *Danley,* 20 Pa. St. 85; and *Oursler* v. *B. & O. R. R. Co.,* 60 Md. 372. Finding no error in the rulings of the trial Court, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*