## MAYOR AND CITY COUNCIL OF BALTIMORE ET AL. *v.* SARAH LOUISE LINTHICUM.

[No. 49, January Term, 1936.]

*Decided February 20th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Ernest R. Fadum, Assistant City Solicitor,* with whom was *R. E. Lee Marshall, City Solicitor,* on the brief, for the appellants.

*Joseph S. Goldsmith,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

This is an appeal in a third proceeding on applications for a use of a lot of ground in Baltimore City which the buildings engineer and the board of zoning appeals refused in each instance. The appellee, who was the applicant, owns a lot in a residential use district of the city, and has leased it to the United States for a substation post office there. A first application for a permit for the use, made in January, 1933, was refused because it was

considered to be a business use, prohibited for such a district by the zoning ordinance of the city. In October of the same year the second application was made by the appellee for the same use, and from the refusal in that instance, on the same ground, an appeal was prosecuted to the Baltimore City Court, as permitted by law. *Applestein v. Baltimore,* 156 Md. 40, 54, 143 A. 666. And after due hearing, the action of the board of zoning appeals was affirmed. As there was then no appeal allowed to this court, the owner subsequently, with a view to having an appealable order passed, sought a writ of mandamus to compel the buildings engineer to issue the desired permit, but the proceeding was held inappropriate, and no appeal was taken.

By the Act of 1935, ch. 448, an appeal to this court in proceedings under the zoning ordinance was allowed, and on September 20th, 1935, the owner made her third application for the same use. It is conceded that there had been no change in the proposal, either in the use planned, or in the neighborhood conditions; and there was none in the relevant ordinances. The Baltimore City Court, on appeal, however, this time reversed the action of the board of zoning appeals. The city now appeals to this court.

The effect of the decision on the earlier appeal to the Baltimore City Court presents a foremost question. No appeal having been allowed from that decision, it is questioned whether the rule of *res judicata* ordinarily applicable could give it a binding effect, now that the case has reached this court under the Act of 1935. The rule is not so qualified. It is a rule limiting parties to one final decision from the courts on one controversy between them. "An existing, final judgment or decree rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, upon matters within its jurisdiction, is conclusive of the rights of the parties or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction, on

the points and matters in issue in the first suit." *Christopher v. Sisk*, 133 Md. 48, 51, 104 A. 355, 356; *Emmert v. Middlekauff*, 118 Md. 399, 404, 84 A. 540.

The fact that the decision on the earlier application was rendered by a court of inferior jurisdiction does not detract from its binding force under the rule, when the controversy is brought upon a further appeal. A right of further appeal was not necessary to constitute the earlier decision a complete, final adjudication. In *Johnson Steel Street Rail Co. v. Wharton*, 152 U.S. 252, 256, 14 S.Ct. 608, 609, 38 L.Ed. 429, a case on infringement of a patent, the question at issue had been decided in an earlier suit in the lower federal court when the amount of money involved was too small to permit an appeal, and the question was nevertheless held closed by the first decision. "Does the principle of *res judicata*," said the Supreme Court, "in its application to the judgments of courts of general jurisdiction, depend, in any degree, upon the inquiry whether the law subjects such judgments to re-examination by some other court? Upon principle and authority, these questions must be answered in the negative. We have not been referred to, nor are we aware of, any adjudged case that would justify a different conclusion. The object in establishing judicial tribunals is that controversies between parties, which may be the subject of litigation, shall be finally determined. The peace and order of society demand that matters distinctly put in issue and determined by a court of competent jurisdiction, as to parties and subject-matter, shall not be retried between the same parties, in any subsequent suit in any court. The exceptions to this rule that are recognized in cases of judgments obtained by fraud or collusion have no application to the present suit." And see *Groh v. South*, 121 Md. 639, 640, 89 A. 321; *Western Telegraph Co. v. Balto. & O. R. Co.*, 69 Md. 211, 14 A. 531.

The Baltimore Zoning Ordinance, No. 1247, approved March 30th, 1931, par. 32 (d), provides that "If an application is disapproved by the Board of Zoning Appeals, thereafter the Board shall take no further

action on another application for substantially the same proposal, on the same premises, until after six months from the date of such last disapproval." The latest application by the owner here was made after the lapse of six months from the date of the preceding one, and it is urged that this clause is authority for repeated applications on the same facts, with the same right of appeal to the courts; and it is contended that the right of another appeal could only signify a repeated examination of the questions raised by the application. This means that the rule of *res judicata* is dispensed with by the terms of the ordinance. For the decision of this case we need not determine exactly what was within the contemplation of the clause in its reference to subsequent submission of substantially the same application to the board of zoning appeals. We do not interpret it to dispense with the rule, so as to provide that, after an owner has submitted to the courts on appeal the questions of the character and classification of his use, and the correctness of its exclusion, and has obtained a decision that it is a business use, rightly excluded from the particular neighborhood, he can continue asking every six months for judicial decisions on exactly the same questions. If that were the meaning, this court, under the Act of 1935, as well as the trial court, would be required to examine and decide the case as often as the owner might wish to bring it up, allowing six months' intervals in his activities. The words seem to us to require no such interpretation, and we think it would be unreasonable to attribute that purpose to the Legislature.

Our decision is that, on any repeated application after the first decision on appeal below, the owner must take it as settled that the proposed use is a business use, excluded by the existing ordinance from the neighborhood, as it was at the time of the decision in the first appeal to the trial court. This disposes of all questions now presented, for they were all involved then in the general question of exclusion of the use, whether they were actually raised or not. "It is not necessary that issue should have been taken on the precise point which is

controverted in the second case. * * * A decree is *res judicata* in respect to all matters of defense existing, and which were available to the defendant at its date." *Trayhern v. Colburn,* 66 Md. 277, 278, 7 A. 459; *Feldmeyer v. Werntz,* 119 Md. 285, 292, 86 A. 986. Specifically, contentions of the owner that the exclusion in this instance would be unconstitutional because not an exercise of the State's police power, and that application of restrictions of the zoning ordinance of the city would be an unlawful regulation of property of the United States, or interference with the mails, are, in the opinion of this court, closed contentions on the appeal. With respect to this last contention, it may be observed that the property is not owned by the United States; there is only a lease limited to ten years' duration, or the duration of appropriations for rentals, and the lessee has only such property rights as may be derived from the owner. *Chase v. United States,* 155 U.S. 489, 15 S.Ct. 174, 39 L. Ed. 234; *Connecticut Mut. Life Ins. Co. v. United States,* 21 Ct. Cl. 195; *United States v. Boston Elevated R. Co.* (C.C.) 176 Fed. 963. The property is not, therefore, within the exclusive jurisdiction of the United States under the United States Constitution, art. 1, sec. 8. *Ft. Leavenworth R. Co. v. Lowe,* 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264; *Chicago, R. I. & P. R. Co. v. McGlinn,* 114 U.S. 542, 5 S.Ct. 1005, 29 L.Ed. 270; *Surplus Trading Co. v. Cook,* 281 U.S. 647, 656, 50 S.Ct. 455, 74 L.Ed. 1091. Any interference of the local police regulations with the mails would be, at most, an indirect one, and to pass on the objection on that ground we should have to consider the rule and the decisions on local regulations interfering only incidentally with federal powers. *Covington & C. Bridge Co. v. Kentucky,* 154 U.S. 204, 14 S.Ct. 1087, 38 L.Ed. 962; 2 *Willoughby, United States Constitutional Law,* secs. 598, 601, 602, and 605. We do not pass on it because it is foreclosed, as stated.

> *Judgment reversed, with costs and order of the board of zoning appeals reinstated.*