15 N.J. Super. 363 (1951)
83 A.2d 448
NAOMI B. CARROLL AND RALPH B. THOMAS, PLAINTIFFS-RESPONDENTS,
v.
BOARD OF ADJUSTMENT OF THE CITY OF JERSEY CITY AND EDWARD J. SPOERER, SUPERINTENDENT OF BUILDINGS OF THE CITY OF JERSEY CITY, DEFENDANTS-APPELLANTS, AND BERGEN ASSOCIATES, INC., A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1951.
Decided September 24, 1951.
*364 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Mortimer Neuman argued the cause for defendants-appellants (Mr. John B. Graf, attorney; Mr. Louis E. Saunders, on the brief).
Mr. Joseph C. Glavin argued the cause for plaintiffs-respondents.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
This appeal is from a judgment of the Superior Court, Law Division, which set aside a *365 resolution of the Jersey City Board of Adjustment granting the application of Bergen Associates, Inc., for a variance from the zoning ordinance and revoked the building permit issued to Bergen Associates, Inc.
Bergen Associates, Inc., (hereinafter referred to as the Corporation) is the owner of a plot of vacant land in Jersey City known as 792-796 Montgomery Street, having a frontage of 103.25 feet on Montgomery Street and a depth of approximately 161 feet. The premises are located in a "Second Residential Zone or District" in which, under section III, paragraph 1 of the Zoning Ordinance of Jersey City "no lot of land shall hereafter be used and no building or structure shall hereafter be erected, altered or used for any of the following purposes: 1. Business of any kind. 2. Commercial enterprises. 3. Manufacturing of any kind. 4. Industrial enterprises. * * *" On June 12, 1950, the Corporation applied to the Building Department of Jersey City for a permit for the erection on this land of a two-story brick and concrete building 90 feet in width and 113 feet in depth, to be occupied as an office building. The superintendent of buildings rejected the application "as being contrary to Section 3-1 of the Zoning Ordinance of Jersey City." The Corporation appealed to the board of adjustment for a variance to permit the construction and use of the building as proposed. On August 10, 1950, the board of adjustment, by resolution, granted the variance and ordered the superintendent of buildings to issue a building permit for the proposed office building. In proceedings in lieu of prerogative writ, the Superior Court, Law Division, entered the judgment under appeal.
At the oral argument, the appellant waived all points for reversal set forth in its brief, save one; namely, that the court erred in revoking the permit issued to the Corporation, because the building is to be erected and used for a purpose not prohibited by the zoning ordinance.
At the pretrial hearing in the Law Division, the defendant Corporation, apparently without objection, injected *366 as an issue in the case that the "erection of the building for state use is not violative of Section III of the ordinance and that the public interest is enhanced by said building." The issue thus presented, that the proposed building is not in violation of the zoning ordinance, is a legal one calling for construction of the language of the ordinance. A landowner wishing to present such a question may invoke the aid of the Law Division of the Superior Court directly by a proceeding in lieu of prerogative writ, without appealing to the board of adjustment, as formerly he could have invoked the aid of the former Supreme Court directly by mandamus or certiorari. Lane v. Bigelow, 135 N.J.L. 195 (E. & A. 1947); Tzeses v. Barbahenn, 125 N.J.L. 643 (E. & A. 1941). Since the landowner could have directly invoked the aid of the Law Division to force the issuance of the permit on the ground that the erection of the building for the proposed use was not prohibited in the zone or district, we see no reason why, in a proceeding in lieu of prerogative writ brought to revoke the permit, he cannot directly invoke the aid of the Law Division in that proceeding to sustain the issuance of the permit on the same ground.
Thus, in the proceeding before the Law Division, two issues were presented: (1) whether the jurisdictional facts and the evidence were sufficient to support the granting by the board of the Corporation's application for the variance, and (2) whether the permit issued by the superintendent of buildings should be revoked. The judgment of the Law Division was against the defendants on both issues. On this appeal we are concerned only with the second issue.
The entire argument of the appellant is based upon the premise that there was evidence before the board and before the Law Division that the proposed office building was to be erected for use by an agency of this State, namely, the Division of Employment Security of the Department of Labor and Industry of the State of New Jersey; that a lease had been executed on May 29, 1950, between the Corporation and the state agency, for the latter's occupancy of the building for *367 office purposes, and that the state agency was in dire need of such quarters and asked the board for favorable action on the Corporation's application. From this premise the appellants argue (1) that use of the proposed building by a state agency for office purposes is not a business, commercial or any other use prohibited in the zone, and (2) even if the proposed use is a use prohibited by the ordinance, the prohibition does not apply when the use is to be made by a governmental agency.
The proposed use of the entire building is admittedly for office purposes. Such use is clearly a use for the purpose of business, and the use for "business of any kind" is prohibited by the ordinance. We find no merit in the argument that the use for office purposes ceases to be a use for the purpose of business, merely because the use is made by a governmental agency.
Nor is there any merit in the argument that the zoning ordinance prohibitions do not apply in this case. The Corporation, which is the owner of the premises, the applicant for the permit and the one to whom the permit was granted, is not a governmental agency. We need not consider whether the prohibition of the ordinance would apply to the erection and proposed use of this office building if the State were the owner of the land. (For different tests applied for determining immunity of governmental agencies from zoning restrictions, see State v. Board of Com'rs., 79 N.E.2d 698 (Com. Pl. Ohio, 1947), affirmed 78 N.E.2d 694 (Ct. of App. Ohio, 1948) and O'Brien v. Town of Greenburgh, 268 N.Y.S. 173 (App. Div. 1933), affirmed 266 N.Y. 582 (Ct. of App. 1935); also see Bassett on Zoning (2d ed. 1940), 31 and 58 Am. Jur., Zoning, § 120). In the absence of overriding legislation to the contrary, the immunity which a governmental agency may have from use prohibitions contained in a zoning ordinance does not extend to a private owner, even though he leases the land to the governmental agency for such use. Cf. Mayor and City Council of Baltimore v. Linthicum, 183 A. 531, 533 (Ct. of App. Md. 1936). Tim v. Long *368 Branch, 135 N.J.L. 549 (E. & A. 1947), relied on by the appellant, is not to the contrary. In the Tim case, the court held that the prohibitions of the zoning ordinance did not apply to the governmental agency there involved, although in that case the governmental agency was not the owner but merely a lessee of the premises. But this result was reached on a finding that the federal act specifically authorized the governmental agency involved to acquire the property by lease and to remodel and alter the building so acquired, without regard to municipal ordinances, and that the federal act superseded state and local laws in contravention thereto. No claim is made that there is any such overriding legislation applicable in this case. We conclude that the revocation of the permit by the trial court was proper.
The judgment is affirmed.