The General State Authority, Plaintiff, *v.* The Borough of Moosic, The Borough of Moosic Zoning Board of Adustment, Stanley E. Ziloski, Defendants.

Argued September 5, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Carlon M. O'Malley, Jr.,* with him *O'Malley & Teets,* for plaintiff.

*John J. Brier,* with him *Beemer, Brier, Rinaldi and Fendrick,* for defendants.

OPINION BY JUDGE WILKINSON, October 11, 1973:

Plaintiff, The General State Authority, brings this action in mandamus to compel the defendants to issue a building permit on an application filed. The application was for a permit to construct a correctional institution for the Department of Justice of the Commonwealth.

The zoning officer referred the application to the Zoning Board of Adjustment. The Board denied the permit as not meeting the requirements of the zoning ordinance. Following the denial, The General State Authority instituted this action.

Defendants filed preliminary objections in the nature of a demurrer, asserting, *inter alia*, that the plaintiff had an adequate remedy at law by way of the appeal procedure of the zoning ordinance. Also, defendants assert that there is no allegation that defendants are under a duty to issue the permit. We must sustain the preliminary objections.

For the reasons set forth in our opinion in *Township of Lower Allen v. Commonwealth of Pennsylvania, et al.*, 10 Pa. Commonwealth Ct. 272, 310 A. 2d 90 (1973), filed this date, the position of The General State Authority that it is not bound by the provisions of the zoning ordinances of defendants is sound. However, it does not follow that the defendants are bound to issue a building permit to the plaintiff. Indeed, the entire thrust of plaintiff's argument is set forth in the first paragraph of its brief: "It is submitted that the defendant (sic) in this case completely overlooks the basic legal fact that the Commonwealth of Pennsylvania in these proceedings is acting in furtherance of a governmental function of the Commonwealth of Pennsylvania, is acting in its sovereign capacity as the Commonwealth of Pennsylvania, and is not, therefore, subject to the legislative enactments of its political subdivisions, in this case the ordinances adopted by the Borough of Moosic." It is incongruous on its face for the plaintiff to assert that the defendants must issue a permit for it to build a building which does not meet the requirements of defendants' ordinance on the grounds that the ordinance does not apply to it. If the ordinance does not apply to plaintiff, then plaintiff does not need a permit.

Before concluding, it seems appropriate to note that there was considerable wisdom displayed by the plaintiff in filing its plans with the defendants, so that the defendants could be kept advised of what the Commonwealth was building within its borders. The Court appreciates that the action of the plaintiff in requesting a permit was the result of an abundance of caution on its part. To build without a permit is within its power.

Accordingly, we enter the following

ORDER

Now, October 11, 1973, the preliminary objections are sustained and plaintiff's complaint is dismissed.