Township of Lower Allen, Plaintiff, *v.* Commonwealth of Pennsylvania: Milton J. Shapp, Governor; Israel Packel, Attorney General; Allyn R. Sielaff, Commissioner of Bureau of Correction; Stewart H. Werner, Deputy Commissioner; Ernest S. Patton, Superintendent, State Correctional Institution at Camp Hill, Pa., Defendants.

Argued September 6, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert E. Yetter,* with him *Metzger, Wickersham, Knauss & Erb,* for plaintiff.

*J. Andrew Smyser,* Deputy Attorney General, with him *Benjamin Lerner,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendants.

OPINION BY JUDGE WILKINSON, October 11, 1973:

Plaintiff, a first-class township, brings this action against the Commonwealth of Pennsylvania, seeking an injunction to prevent the establishment of a trailer camp or trailer park on property owned by the Commonwealth within the Township upon which is operated and maintained a State correctional institution. The zoning ordinance established by plaintiff provides that the area in which this tract is located is classified as R-1 residence district. In R-1 residence districts, trailer parks or trailer camps are prohibited. Defendants filed preliminary objections, raising the question of whether the Commonwealth is subject to the zoning ordinances of the plaintiff when it is using the property in its governmental capacity.

Although the law seems clear that the Commonwealth is not subject to the zoning regulations of its

municipal subdivisions, it is quite understandable that this municipal subdivision and its citizens are very unhappy that what would be a violation of the zoning ordinance if done by an individual can be done by the Commonwealth with immunity. Nevertheless, such is the law in this Commonwealth as well as in other jurisdictions. 8 McQuillin, Municipal Corporations, Zoning, Section 25.12 (3rd Ed. 1965).

We start from the premise that the plaintiff has only the powers granted it by the Legislature, and such powers cannot be used against the Commonwealth unless the granting statute expressly so provides. *Culver v. Commonwealth*, 348 Pa. 472, 35 A. 2d 64 (1944) ;[1] *Commonwealth of Pennsylvania, State Employes' Retirement System v. Dauphin County et al.*, 335 Pa. 177, 6 A. 2d 870 (1939). The Court of Common Pleas of Dauphin County, sitting as the Commonwealth Court, has held specifically that the Commonwealth is not subject to the constraints of local zoning ordinances. *Harward et al. v. Haas et al.*, 58 Dauphin 316, 59 D. & C. 658 (1947).

Plaintiff does not argue that the Commonwealth has expressly subjected itself to the provision of the local zoning ordinance, but argues that since the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, §619, 53 P.S. §10619, does contain exemptions and since it does not expressly include the Commonwealth as exempt, it necessarily follows that it is not exempt. This is an ingenious argument but simply is not the law.

Any doubt that might have been placed in the law by the decision of the Pennsylvania Supreme Court in *School District of Philadelphia v. Zoning Board of Adjustment*, 417 Pa. 277, 207 A. 2d 864 (1965), which held

---

[1] Overruled on other grounds, *Wolf v. Commonwealth*, 403 Pa. 499, 507, 170 A. 2d 557, 562 (1961).

that the School District has to comply with the city's zoning ordinances in establishing a parking lot, was removed by the Supreme Court in its decision in *Middletown Township et al. v. Delaware County Institution District*, 450 Pa. 282, 290, 299 A. 2d 599, 603 (1973) : "There in dealing with the conflicting powers of two geographically coterminous municipal bodies, we held that the City's interest in regulating off-street parking prevailed over the similar interest of the School Board. Here we are dealing with the interest of a township— a county subdivision of limited jurisdiction—versus those of a countywide agency—two governmental authorities whose powers and boundaries are not coterminous. Thus our holding in School District of Philadelphia is not applicable here and does not advance the Township's cause."

Accordingly, we enter the following

ORDER

Now, October 11, 1973, the preliminary objections of the defendants are sustained and plaintiff's complaint is dismissed.