Borough of Hummelstown, Plaintiff *v.* Lower Dauphin School District and State Public School Building Authority, Defendants.

Argued January 5, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*David A. Wion*, with him *Herbert A. Schaffner, Francis A. Zulli,* and *Reynolds, Bihl and Schaffner,* for plaintiff.

*Richard L. Kearns* and *Thomas D. Caldwell, Jr.,* with them, *Caldwell, Clouser & Kearns,* for defendants.

OPINION BY JUDGE BLATT, May 14, 1976:

In this action in mandamus the Borough of Hummelstown (Hummelstown) seeks to compel the Lower Dauphin School District (School District) and the State Public School Building Authority (Authority) to comply with provisions of a borough ordinance which require owners of improved property to connect with the Hummelstown sewer system. Both the School District and the Authority have filed preliminary objections to the complaint and these are now before us.

From our examination of the complaint, it appears that the School District leased land from the Authority on which the Lower Dauphin Junior-Senior High School was erected. In 1972, although construction of the Hummelstown sanitary sewer system was completed to such an extent as to accommodate connection to the school building facilities, the School District and the Authority refused the borough's request, in accordance with provisions of the local ordinance, to connect the school to this system. The Authority asserts, by way of preliminary objection, that as an instrumentality of the Commonwealth[1] it is not subject to local ordinances.

While it is generally true that the Commonwealth is immune from the provisions of local ordinances, *City of Pittsburgh v. Commonwealth,* 20 Pa. Commonwealth Ct. 226, 341 A.2d 228 (1975); *Township of Lower Allen v. Commonwealth,* 10 Pa. Commonwealth Ct. 272, 310 A.2d 90 (1973); *General State Authority v. Borough of Moosic,* 10 Pa. Commonwealth Ct. 270, 310 A.2d 91 (1973), Hummelstown argues that Section 4(b) of the State Public School Building Authority Act,[2] 24 P. S. §791.4(b), constitutes a legislative waiver of this immunity in providing that the Authority may "sue and be sued, implead and be

---

1. *Kline v. State Public School Building Authority,* 78 Dauphin 121 (1961).

2. Act of July 5, 1947, P.L. 1217, *as amended.*

impleaded, complain and defend, in all courts." We believe, however, that Hummelstown misapprehends the nature of the immunity enjoyed by the Commonwealth in these cases; the immunity here involved is not the Commonwealth's sovereign immunity from suit as provided by Article I, Section 11 of the Constitution of Pennsylvania, an immunity which by the terms of the Constitution may be waived by the legislature.[3] *Biello v. Pennsylvania Liquor Control Board*, 454 Pa. 179, 301 A.2d 849 (1973). We are here concerned with an immunity based upon the notion that the Commonwealth is a principal with absolute authority to control its agencies in the exercise of powers reserved to the states by the Constitution of the United States. As was stated in *Hunter v. City of Pittsburgh*, 207 U. S. 161, 178 (1907) "[m]unicipal corporations are political subdivisions of the State, created as convenient agencies for exercising such of the governmental powers of the state as may be entrusted to them. . . . The State . . . at its pleasure, may modify or withdraw all such powers. . . ." And, of course, one such power is the police power of the Commonwealth here employed to regulate the sanitary sewer systems of its municipalities. *See Department of Environmental Resources v. Borough of Carlisle*, 16 Pa. Commonwealth Ct. 341, 330 A.2d 293 (1974). While we believe that the legislature in its wisdom can provide that the Commonwealth shall be subjected to the laws of its subdivisions, absent such a provision the Commonwealth enjoys an immunity from local ordinances. Here, we do not believe that such an intent is expressed by the legislature merely because it permits the Authority to "be sued." In our view, a more clear statement would be necessary to achieve such a result. The preliminary objection of the

---

3. We express no view here as to whether or not the quoted provision of the Act amounts to a waiver of the sovereign immunity.

Authority, therefore, must be sustained and the complaint against the Authority is dismissed.

Having dismissed the complaint as against the Authority, we have remaining the preliminary objections of the School District, which contend that the plaintiff's complaint fails to state a cause of action. The School District, however, is not an agency of the Commonwealth but is a local agency and, therefore, is not subject to the jurisdiction of this Court. *McDonald v. Penn Hills Township School Board,* 7 Pa. Commonwealth Ct. 339, 298 A.2d 612 (1972). Accordingly, this action must be transferred to the appropriate Court of Common Pleas for consideration of these remaining matters. We, therefore, issue the following

ORDER

AND, NOW, this 14th day of May, 1976, the preliminary objection of the State Public School Building Authority is hereby sustained and the complaint as to the Authority is hereby dismissed. It is further ordered that the remaining causes of action and the preliminary objections thereto by the Lower Dauphin School District are hereby transferred to the Court of Common Pleas of Dauphin County for appropriate action.

Judge KRAMER did not participate in the decision in this case.