## Brown v. Mendisana

*Joseph M. Reibman*, for plaintiffs.
*Jackson M. Sigmon*, for defendant Mendisana.
*Daniel E. Cohen*, for defendant City of Easton.
*Barbara Brown, Assistant Attorney General*, for PennDOT.

WILLIAMS, *P.J.*, August 6, 1979—This matter is before the court on the preliminary objections of the Pennsylvania Department of Transportation (PennDOT) to the complaints by Kathleen Mendisana and the City of Easton joining PennDOT as an additional defendant.

On November 3, 1976, an auto driven by Kathleen Mendisana struck plaintiffs as they were crossing Northampton Street in Easton. Both Mendisana and the City of Easton joined PennDOT as an additional defendant, alleging that PennDOT negligently placed and maintained the traffic lights located at the intersection where this accident occurred. PennDOT demurs to these complaints.

PennDOT argues that it is not liable for plaintiffs' injuries because it had no responsibility to maintain the traffic lights and because defendant Mendisana had a burden to drive safely. Such contentions are obviously without merit at this stage of the proceedings. These demurrers are, therefore, denied and dismissed.

PennDOT also contends that it is immune from suit. Under 42 Pa.C.S.A. §5110, the Commonwealth's immunity from suit is waived in certain enumerated instances. We do not believe that sufficient facts have been presented to enable us to determine whether immunity has been waived under the circumstances of these cases. In addition, the defense of immunity from suit is more properly raised in new matter: Pa.R.C.P. 1030; Freach v. Com., 471 Pa. 558, 564 n. 6, 370 A. 2d 1163, n. 6

(1977). We, therefore, decline to rule on this issue until PennDOT has filed an answer and new matter.[1]

Defendants claim that PennDOT is solely liable, or jointly and severally liable to plaintiffs, or liable over to defendants. PennDOT raises the defense of the statute of limitations and demurs to the claim of sole liability. Although this defense is also more properly raised by new matter: Pa.R.C.P. 1030; defendants concede that PennDOT was not joined until after the statute of limitations had run. Thus, PennDOT cannot be solely liable to plaintiffs, and we must grant the demurrer to this claim.

In oral argument, counsel for PennDOT asserted that the City of Easton, a political subdivision, is not entitled to sue its creator, the Commonwealth of Pennsylvania. See Hernandez v. Whitesell, No. 77-668 (E.D. Pa., opinion filed Oct. 6, 1978); Township of Lower Allen v. Com., 10 Pa. Commonwealth Ct. 272, 310 A. 2d 90 (1973). We do not believe that this issue presents a problem in this case since defendant Mendisana, as well as the City of Easton, joined PennDOT as an additional defendant.

Once properly joined, an additional defendant is liable to plaintiff "as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability." Pa.R.C.P. 2255(d). PennDOT has been properly joined as an additional defendant by Mendisana. Thus, PennDOT is liable to plaintiffs as if it were an original defendant even

---

1. PennDOT asserts that this court lacks subject matter jurisdiction because immunity has not been waived. We note that, should it be determined that immunity has been waived, this court clearly has jurisdiction: 42 Pa.C.S.A. §§761(a)(1)(iii), 931(a).

if the City of Easton is not entitled to join PennDOT. Since plaintiffs may recover from PennDot on the basis of Mendisana's joinder, we do not believe it is necessary or worthwhile to further address PennDOT's objection to joinder by the City of Easton.

PennDOT's final argument is that the defense of sovereign immunity is not waived in actions for contribution and that PennDOT, therefore, cannot be liable. Although this argument again raises the defense of immunity from suit, no additional facts are needed to resolve it. Resolution of this issue depends upon interpretation of the sovereign immunity statute. Since such interpretation is purely a matter of law, we will address the merits of PennDOT's argument.

The statute reaffirms sovereign immunity as provided in section 11 of article I of the Constitution of Pennsylvania.[2] The expressed purpose of the act is to allow the Commonwealth, and its officials and employes acting within the scope of their duties, to continue to enjoy sovereign and official immunity and immunity from suit except as such immunity is specifically waived: 1 Pa.C.S.A. §2310.

Statutes in derogation of the common law or in derogation of the power of the sovereign must be strictly construed: 1 Pa.C.S.A. §1928(b)(8); see Pennsylvania Labor Relations Bd. v. State College Area School District, 9 Pa. Commonwealth Ct. 229, 306 A. 2d 404 (1973). In Mayle v. Pennsylvania Dept. of Highways, 479 Pa. 384, 388 A. 2d 709 (1978), which led to the enactment of the statute,

2. This section states: "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. Art. 1, §11.

the Supreme Court stated that sovereign immunity was a common law rather than a constitutional doctrine. Thus, the act, which waives immunity in certain cases, is in derogation of the common law and is also obviously in derogation of the powers of the sovereign. The statute does not expressly state that the right of contribution exists in cases in which sovereign immunity has been waived. Therefore, we must determine, by necessary implication from the language of the statute, whether such a right exists.

When immunity is waived, the claim can be brought "only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise specifically authorized by statute." 1 Pa.C.S.A. §2310. PennDOT contends that its joinder as an additional defendant, based upon defendants' rights to contribution, is not one of the "cases" in which sovereign immunity has been waived.

Section 5110 of Title 42, which prescribed the limited factual situations in which sovereign immunity is waived,[3] is the key section. Under its provisions, sovereign immunity is not a bar to an action against the Commonwealth "for damages arising out of a negligent act or omission where the damages would be recoverable under the common

---

3. These fact situations include operation of a motor vehicle; acts of health care employes; care, custody, or control of personal property; dangerous conditions of Commonwealth real estate and highways; potholes and other conditions created by natural elements; care, custody, or control of animals; sale of liquor; and acts of members of the National Guard: 42 Pa.C.S.A. §5110(a).

law or a statute creating a cause of action if caused by a person not having available the defense of sovereign immunity." 42 Pa.C.S.A. §5110(a). The type of damages recoverable are the standard tort damages for personal injury, with the exception of punitive damages.[4]

By statute, the right of contribution exists among persons who are jointly or severally liable in tort for the same injury to persons or property: 42 Pa.C.S.A. §§8322, 8324(a). A joint tortfeasor, who has paid more than his pro rata share of damages, is entitled to recover the excess from the joint tortfeasor who was liable to plaintiff for the damages. See id. §8324(b). Such damages include those of the type set forth in section 5111.

Mendisana and the City of Easton allege that PennDOT is a joint tortfeasor, liable to plaintiffs for damages arising out of its negligent acts or omissions. As joint tortfeasors, each has a right of contribution. Under section 5110, if a cause of action exists within one of the specified situations, the Commonwealth's liability is the same as that of any other tortfeasor, with the exception that punitive damages are not recoverable against the Commonwealth. We, therefore, believe that the language of the statute necessarily implies that joint tortfeasors may assert a right of contribution against the Commonwealth in those instances in which sovereign immunity has been waived. Cf. United States v. Yellow Cab Co., 340 U.S. 543, 71

---

4. Damages are only recoverable for loss of earnings and earning capacity, pain and suffering, medical and dental expenses, loss of consortium, and property loss: 42 Pa.C.S.A. §5111(b).

S.Ct. 399 (1951) (right of contribution exists in actions included within the Federal Tort Claims Act).
Wherefore, we make the following

### ORDER

And now, August 6, 1979, the preliminary objections of the Pennsylvania Department of Transportation in the nature of a demurrer to the claim of sole liability of PennDOT to plaintiffs is granted. All other demurrers to the complaints of Kathleen Mendisana and the City of Easton are hereby denied and dismissed. Additional defendant, PennDOT, is given leave to plead over within 20 days from the date of this order.