# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph Duquette, : 
                   Petitioner : 
                                        : 
            v. : No. 84 M.D. 2022
                                        : SUBMITTED: October 21, 2022
Office of Open Records, Palmyra Area : 
School District, Goldstein Law Partners, : 
LLC, Joshua Jones, Michael Koval, Mandy : 
Braden, Maryann Cini, Kayla Leiberher, : 
Alicia Brendle Haldeman, Individually and : 
in their official capacity as Members of the : 
Palmyra Area School Board of Directors, : 
and Christine Fisher, Larry Geib and Suzann : 
Gilligan in Their Roles as Members of the : 
Palmyra Area School Board of Directors, : 
                   Respondents : 


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED:  May 17, 2023**

       Before the Court are the preliminary objections of the Office of Open Records (OOR), Goldstein Law Partners, LLC (GLP), and Palmyra Area School District and various members of the District's Board of Directors (District)[1]

---

[1] The Board Members named in this action are: (1) Joshua Jones, Michael Koval, Mandy Braden, Maryann Cini, Kayla Leiberher, and Alicia Brendle Haldeman, all of whom are named both individually and in their official capacities as Board Members; and (2) Christine Fisher, Larry Geib, and Suzann Gilligan, who are named in their official capacities only.

(collectively, Respondents) that were filed in response to Ralph Duquette's *pro se* petition for review.[2] The petition seeks declaratory and injunctive relief as well as mandamus with respect to how the Board conducted its public meeting at which GLP was appointed as solicitor for the Board, and Duquette's subsequent request for records pursuant to the Right-to-Know Law (RTKL)[3] regarding GLP's appointment. Respondents, in separate preliminary objections, assert that the petition should be dismissed for multiple reasons, including failure to exhaust available statutory remedies; lack of subject matter jurisdiction; and failure to state a claim upon which relief can be granted (demurrer). *See* Pa.R.Civ.P. 1028(a). For the reasons that follow, we sustain Respondents' preliminary objections on the basis of failure to exhaust and lack of jurisdiction. Accordingly, we dismiss the petition with prejudice.

## Background

The facts as alleged in the petition are as follows.[4] Duquette is a resident of the District and a former member of the Board. At issue herein is the

---

[2] Duquette's initial pleading is titled a Complaint for Writ of Mandamus, Declaratory Judgment and Injunctive Relief. By Order issued April 1, 2022, the Court explained that we will treat this filing as an original jurisdiction petition for review governed by Chapter 15 of the Rules of Appellate Procedure.

[3] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[4] Duquette attached the following documents as exhibits to the petition:

> Exhibit A - Agenda for the Board's December 2, 2021 Reorganization Meeting;
> Exhibit B - Duquette's December 6, 2021 RTKL Request (Request);
> Exhibit C - December 6, 2021 email correspondence regarding the Request;
> Exhibit D - Agenda for the Board's December 16, 2021 meeting;
> Exhibit E - the District's January 12, 2022 Response to the Request;

**(Footnote continued on next page…)**

2

Board's December 2, 2021 public meeting, referred to in the petition as the "Reorganization Meeting," during which six candidates newly-elected to the Board in the November 2021 general election were sworn into office.[5] During the Reorganization Meeting, the Board also voted to appoint GLP as its solicitor. Duquette and another attendee attempted to address GLP's appointment during the Reorganization Meeting but were not permitted to do so. Duquette was, however, able to read a statement setting forth his objections to the process of hiring GLP during the Board's next public meeting held on December 16, 2021. Pet. ¶ 30.

Exhibits F & G - Records provided by the District pursuant to the Request;
Exhibits H & I - Duquette's Appeal to OOR and position statement;
Exhibit J - OOR's January 25, 2022 Official Notice of Appeal;
Exhibit K - Correspondence with OOR Appeals Officer Hartranft, including the District's February 3, 2022 Letter Brief;
Exhibits L, M & N - February 4, 2022 email correspondence with Appeals Officer, including Duquette's allegation of GLP's conflict of interest;
Exhibits O & P - GLP's February 8, 2022 email correspondence to Appeals Officer regarding verification requirement and Appeals Officer's response;
Exhibit Q - the District's Amended Letter Brief with Attestation/Affidavit;
Exhibit R - Duquette's February 9, 2022 Supplemental Submission to OOR;
Exhibit S - Duquette's February 24, 2022 email correspondence to Appeals Officer requesting stay; and
Exhibit T - various documents regarding Duquette's appeal to OOR, including email notification of OOR's February 25, 2022 Final Determination and appeal rights.

[5] The six newly-elected Board members were Respondents Jones, Koval, Braden, Cini, Leiberher, and Haldeman. Pet. ¶¶ 6-11, 17. We note that there is a discrepancy in the petition, as at one point Duquette asserts that Respondent Haldeman was sworn in as a Board member *prior* to the Reorganization Meeting. *Compare* Pet. ¶ 11 *with* ¶ 17.

Meanwhile, on December 6, 2021, Duquette submitted a RTKL request to the District seeking documents and communications between and among the Board Members "related to the selection, vetting and hiring of GLP." Pet. ¶ 27. The Request sought records for the time period from January 1, 2021, through the date of the Request. Pet. ¶¶ 27 & 42; Pet. Ex. B. After invoking a 30-day extension,[6] the District responded by granting in part and denying in part the Request, explaining that some of the communications were from individuals who were not yet employed by the District and, therefore, do not qualify as public records under the RTKL.[7]

Duquette appealed to OOR, challenging the merits of the District's response and also arguing that GLP should be disqualified from representing the District before OOR in this matter due to an alleged conflict of interest.[8] On February 24, 2022, Duquette submitted via email a request to stay OOR's determination of his appeal so that he could petition this Court for a writ of mandamus with respect to GLP's alleged conflict of interest. Pet. Ex. S. The following day OOR issued its Final Determination denying Duquette's request for a stay; granting in part, denying in part, and dismissing as moot in part Duquette's

[6] *See* Section 902(b) of the RTKL, 65 P.S. § 67.902(b).

[7] The District's response did not invoke any of the exceptions provided in Section 708(b) of the RTKL, 65 P.S. § 67.708(b). *See* Pet. ¶¶ 31 & 43; Pet. Ex. E.

[8] Notably, Duquette requested that OOR seek an outside legal opinion regarding his allegation that GLP had a conflict of interest precluding it from representing the District in the appeal. At the heart of Duquette's request is his assertion that in aiding the District and Board Members in reviewing and responding to his Request, and representing them during the appeal, GLP acted as legal counsel to individuals and entities who had or may have concurrent conflicts of interest. *See* Pet. Ex. L; *see also* Pet. ¶¶ 36-38, 48. On February 4, 2022, the OOR Appeals Officer informed Duquette that OOR would not be seeking an outside legal opinion on the conflict of interest issue. *See* Pet. Ex. H.

appeal; and ordering the District to take further action as directed. Pet. Ex. T.[9] The Final Determination provided that, pursuant to Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a), any party may appeal to the court of common pleas within 30 days. No appeal was taken.

**Petition and Preliminary Objections**

Duquette filed his three-count petition, seeking a writ of mandamus as well as declaratory and injunctive relief, on March 1, 2022. Specifically, Count I seeks declarations from this Court that GLP cannot concurrently represent the District, the Board, and Board Members before OOR due to alleged concurrent conflicts of interest; the District violated the Sunshine Act[10] and Duquette's right to free speech under the Pennsylvania Constitution[11] by failing to allow public comment at the Reorganization Meeting regarding the appointment of GLP as solicitor, prior to the Board's vote thereon; GLP's attorneys have engaged and continue to engage in acts that are contrary to their obligations pursuant to the Rules of Professional Conduct;[12] and OOR violated Duquette's due process rights, engaged in retaliation, and failed to adhere to its own guidelines by denying Duquette's request for a stay and prematurely issuing its Final Determination.

---

[9] We note that while the petition references and relies upon OOR's Final Determination, the document is not included in the exhibits attached to the petition. The Final Determination is attached as Exhibit 1 to OOR's brief in support of its preliminary objections.

[10] 65 Pa.C.S. §§ 701-716.

[11] *See* Pa. Const. art. I, § 7 ("The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty.").

[12] Pa.R.P.C. 1.0-8.5.

5

Count II seeks "a [w]rit of [m]andamus directing the District to lawfully appoint all employees and contractors, including contractors for legal services, with[in] the confines of the Sunshine Act[.]" Pet. at 27. It further seeks an order directing OOR to disqualify GLP from representing multiple clients that have concurrent conflicts of interest, and directing OOR to withdraw its Final Determination. Finally, Count III requests unspecified injunctive relief.

OOR responded by filing preliminary objections[13] asserting, *inter alia*,[14] that the petition should be dismissed because Duquette failed to exhaust his available statutory remedy, namely his right to appeal OOR's Final Determination to common pleas. *See* Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a). OOR argues that Duquette's requests for declaratory and injunctive relief are inappropriate because he has available to him this adequate remedy at law. In addition, the petition fails to state a claim with respect to OOR's alleged failure to enforce the Rules of Professional Conduct and refusal to grant a stay.

The District, in turn, filed preliminary objections on grounds of lack of subject matter jurisdiction and demurrer. Specifically, the District maintains that this Court lacks original jurisdiction because the District is a local rather than a Commonwealth agency and the claims against it are not related or ancillary to a claim or other matter within the Court's exclusive original jurisdiction. *See* 42

---

[13] We have reframed and reorganized the parties' preliminary objections for clarity and ease of analysis.

[14] OOR's preliminary objections also assert that it should be dismissed from this action because Duquette failed to properly serve the agency either in person or by certified mail, and because he had yet to make service upon the Attorney General. *See* 42 Pa.C.S. § 8523; Pa.R.A.P. 1514(c). In its brief in support, however, OOR acknowledges that Duquette has since properly served the agency. *See* OOR's Br. at 13-14. Given this delay in service, OOR's preliminary objections were timely filed.

Pa.C.S. § 761. Moreover, Duquette's remedy for any perceived violation of the Sunshine Act surrounding the Reorganization Meeting was to file a legal challenge with common pleas within 30 days, which he failed to do. *See* 65 Pa.C.S. § 713. Likewise, any claims with respect to the purported conflict of interest or how OOR conducted its review can and should have been addressed through an RTKL appeal to common pleas. *See* Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a). GLP filed preliminary objections similar to those of the District, as well as for insufficient specificity and failure to conform to rule of law.

> Before turning to the merits, we note initially that

> [w]hen reviewing preliminary objections to a petition for review in our original jurisdiction, this Court must treat as true all well-pleaded, material and relevant facts together with any reasonable inference[s] that can be drawn from those facts. Courts, however, are not required to accept as true conclusions of law, unwarranted inferences from facts, expressions of opinion or argumentative allegations. In ruling on a preliminary objection in the nature of a demurrer, the objection is properly sustained where, based on the facts averred, the law says with certainty that no recovery is possible; if doubt exists, then it should be resolved in favor of overruling the objection.

*Cnty. of Berks v. Pa. Off. of Open Rec.*, 204 A.3d 534, 539 n.7 (Pa. Cmwlth. 2019) (citations omitted). Further, "'courts reviewing preliminary objections may not only consider the facts pled in the [petition for review in the nature of a] complaint, but also any documents or exhibits attached to it.' *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019).

## Discussion

We begin with the preliminary objections of OOR, specifically that of failure to exhaust an available statutory remedy. Because OOR "falls within the

statutory definition of 'Commonwealth government'" it is subject to this Court's original jurisdiction "in any action *properly* brought against it." *Off. of Governor v. Donahue*, 98 A.3d 1223, 1233 (Pa. 2014) (emphasis added); *see also* Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a). However, "[a] party may not seek judicial resolution of a dispute until he or she has exhausted available statutory or administrative remedies." *Martel v. Allegheny Cnty.*, 216 A.3d 1165, 1172 (Pa. Cmwlth. 2019) (citations omitted). Moreover, "the doctrine of exhaustion of remedies is codified in the Declaratory Judgments Act, [42 Pa.C.S. §§7531-7541,] which provides that declaratory relief 'shall not be available . . . with respect to any . . . [p]roceeding involving an appeal from an order of a tribunal.'" *Cnty. of Berks*, 204 A.3d at 540 [quoting Section 7541(c)(3) of the Declaratory Judgments Act, 42 Pa.C.S. § 7541(c)(3)].

> The doctrine "reflects a recognition of the general assembly's directive of strict compliance with statutorily prescribed remedies" and it also acknowledges that "an unjustified failure to follow the administrative scheme undercuts the foundation upon which the administrative process was founded." *Jordan v. Fayette C[n]ty. Bd. of Assessment Appeals*, 782 A.2d 642, 646 (Pa. Cmwlth. 2001)[]. If a party fails to pursue a statutory remedy, the court is without power to act until the statutory remedies have been exhausted, even in cases where a constitutional question is presented. *Muir v. Alexander*, 858 A.2d 653, 660 (Pa. Cmwlth. 2004).

*Martel*, 216 A.3d at 1172.

While a party's failure to exhaust statutory remedies "normally bars this Court from hearing claims of declaratory or injunctive relief with respect to agency action, 'the exhaustion doctrine is neither inflexible nor absolute.'" *Cnty. of Berks*, 204 A.3d at 540 [quoting *Keystone ReLeaf LLC v. Pa. Dep't of Health*, 186 A.3d

8

505, 513 (Pa. Cmwlth. 2018) (en banc)]. The three exceptions to the exhaustion doctrine recognized by our courts are "where (1) the jurisdiction of an agency is challenged, (ii) the constitutionality of the statute is challenged[,] or (iii) the remedy at law is inadequate." *Cnty. of Berks*, 204 A.3d at 540 (citations omitted).

Despite Duquette's attempt to characterize them otherwise, his claims and requests for relief with respect to OOR stem from the agency's issuance of its Final Determination. In particular, he seeks an order from this Court declaring that OOR violated his rights and its own procedural guidelines by issuing the Final Determination; vacating the Final Determination; and remanding for further proceedings. Duquette could have obtained such relief by appealing the Final Determination to common pleas. *See* Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a) (appeal of OOR decision pertaining to request made to a local agency, such as the District here, is to be brought in court of common pleas where the local agency is located); *see also Cnty. of Berks*, 204 A.3d at 540 (noting the same principle). Duquette chose not to do so, despite being informed of his appeal rights, and this Court cannot sanction his attempt to circumvent the clear mandate of the RTKL. Moreover, the fact that Duquette has also requested relief in the nature of mandamus, in addition to declaratory and injunctive relief, does not vest original jurisdiction in this Court. *See Avis Rent A Car Sys., Inc. v. Dep't of State*, 507 A.2d 893, 896 (Pa. Cmwlth. 1986) [citing *Pa. Dep't of Aging v. Lindberg*, 469 A.2d 1012, 1018 (Pa. 1983)].

Duquette also fails to explain how this statutory remedy is inadequate, nor could he since the RTKL provides him with a right to a *de novo* appeal. *See Bowling v. Off. of Open Rec.*, 75 A.3d 453, 477 (Pa. 2013); *see also Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520 (Pa. Cmwlth. 2011) (noting "reviewing court has

9

discretion to determine if the record created before OOR is sufficient for purposes of judicial review" and can "supplement[] the record through a hearing or remand"). Simply put, Duquette's blanket assertion that he has no other adequate remedy at law is without merit and the instant action does not fall within an exception to the exhaustion doctrine. As such, we sustain OOR's preliminary objection for failure to exhaust and decline to address Duquette's original jurisdiction claims against the agency.[15] *See Cnty. of Berks*, 204 A.3d at 540 (concluding requester's claim did "not fall into the class of disputes that would allow this Court to assume original jurisdiction over the claim and bypass the traditional appeal to the court of common pleas of an OOR determination concerning the records of a local agency"); *Guarrasi v. Scott*, 25 A.3d 394, 405 (Pa. Cmwlth. 2011) (because plaintiff failed to appeal RTKL decisions, the court declined to address his original jurisdiction claims that those decisions violated his common law and constitutional rights); *see also Avis*.[16]

---

[15] As this Court cautioned in *County of Berks*, we

> must also be mindful that accepting a matter in this Court's original jurisdiction confers an appeal as of right to the Supreme Court to the detriment of the efficient administration of justice and "would crowd cases involving important and unique issues from [the High Court's] allocator docket." *Gossman v. Lower Chanceford Twp. Bd. of Supervisors*, [] 469 A.2d 996, 998 ([Pa. ]1983); *see also Miles v. Beard*, 847 A.2d 161, 165 (Pa. Cmwlth. 2004).

204 A.3d at 540 n.10.

[16] Even if Duquette had exhausted his statutory remedy, the claims he asserts against OOR fail as a matter of law. First, there is no right to a stay under the RTKL; rather, such procedural issues are within the discretion of the appeals officer. *See* Section 1102 of the RTKL, 65 P.S. § 67.1102 (setting forth duties of appeals officer, including ruling "on procedural matters on the basis of justice, fairness and the expeditious resolution of the dispute"); *Cnty. of Berks*, 204 A.3d at 546 (noting appeals officers are responsible for adjudicating appeals, including ruling on evidentiary and procedural matters); *Bowling*, 75 A.3d at 467 ("the RTKL grants appeals officers **(Footnote continued on next page…)**

10

We further conclude that this Court lacks jurisdiction over Duquette's claims against the District and GLP. The District, and by extension its Board, is not an agency of the Commonwealth but a local agency and, therefore, is not subject to this Court's original jurisdiction. *See Borough of Hummelstown v. Lower Dauphin Sch. Dist.*, 357 A.2d 727, 729 (Pa. Cmwlth. 1976). We similarly lack original jurisdiction over GLP, a private entity. Further, "the Court cannot assert ancillary jurisdiction over this matter [under 42 Pa.C.S. § 761(c)] unless it is related to a claim or other matter otherwise within [our] exclusive original jurisdiction." *Reliance Ins. Co. v. Aramark Corp.*, 38 A.3d 958, 967 (Pa. Cmwlth. 2011). Because we have granted OOR's preliminary objection as to all of Duquette's claims, that agency cannot serve to provide ancillary jurisdiction over the District and GLP. *See Bowers v. T-Netix*, 837 A.2d 608 (Pa. Cmwlth. 2003) (finding that because Court dismissed all claims against the Department of Corrections, it no longer had a basis for exercising ancillary jurisdiction over private communications company).

Duquette's claims against the District and GLP stem from purported violations of the Sunshine Act and, as such, jurisdiction is properly vested in common pleas. *See* 65 Pa.C.S. § 715 (court of common pleas where local agency is located has jurisdiction). Generally speaking, the Judicial Code provides that if a matter is misfiled in a court that lacks jurisdiction, the matter should be transferred

---

wide discretion with respect to procedure"); *see also Sherry*, 20 A.3d at 519 ("noting that neither the RTKL nor the courts have extended a . . . right to due process to a requesting party in a RTKL action"). Therefore, Duquette's claim for declaratory relief regarding OOR's decision denying his request for a stay lacks merit.

In addition, OOR lacks the authority to adjudicate alleged violations of the Rules of Professional Conduct as that power belongs exclusively to our Supreme Court and its Disciplinary Board. *See, e.g.*, *Commonwealth v. Stern*, 701 A.2d 568, 572 (Pa. 1997) [citing Pa. Const. art. V, section 10(c)]; Pa.R.D.E. 103 & 201(a). As such, OOR could not have barred GLP from representing the District in this matter based upon Duquette's allegation of conflicts of interest, and this Court cannot order OOR to do so.

11

to the proper tribunal rather than quashed. 42 Pa.C.S. § 5103(a). Here, however, transfer would be futile since a legal challenge under the Sunshine Act must be filed within 30 days of the open meeting at issue. 65 Pa.C.S. § 713. The Reorganization Meeting where GLP was appointed solicitor for the Board took place on December 2, 2021, and the present action was not instituted until March 1, 2022, making Duquette's claims untimely.[17]

## Conclusion

Based on the foregoing, we sustain the preliminary objections of OOR, the District, and GLP for failure to exhaust statutory remedies and lack of jurisdiction, and we dismiss the petition in its entirety, with prejudice.

 

 

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[17] Given the above conclusions, we need not reach the remaining preliminary objections.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph Duquette,                                    :
                        Petitioner                 :
                                                   :
            v.                                     : No. 84 M.D. 2022
                                                   :
Office of Open Records, Palmyra Area              :
School District, Goldstein Law Partners,          :
LLC, Joshua Jones, Michael Koval, Mandy           :
Braden, Maryann Cini, Kayla Leiberher,            :
Alicia Brendle Haldeman, Individually and         :
in their official capacity as Members of the      :
Palmyra Area School Board of Directors,           :
and Christine Fisher, Larry Geib and Suzann       :
Gilligan in Their Roles as Members of the         :
Palmyra Area School Board of Directors,           :
                        Respondents                :

# **O R D E R**

AND NOW, this 17th day of May, 2023, the Preliminary Objections of Respondents as to failure to exhaust statutory remedies and lack of jurisdiction are SUSTAINED. The Petition for Review is DISMISSED with prejudice.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita